# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GONZALES | CASE NO. 1:10-cv-01586-GBC (PC) |
| Plaintiff, | |
| | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, | (Doc. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

/

## I.   Procedural History

Luis Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 1, 2010, Plaintiff filed the complaint which is presently before this Court.  Doc. 1.

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III.   Plaintiff's Complaint

Plaintiff is currently a state prisoner at California Correctional Institution (CCI) in Tehachapi, California. The acts he complains of occurred while he was at prisoner at CCI. Doc. 1. In the complaint, Plaintiff names "Correctional Officer" as a defendant in this action. Doc. 1 at 2. Plaintiff seeks monetary damages. Doc. 1 at 3.

Plaintiff alleges that when he arrived to CCI on July 7, 2010, he was made to sleep on the floor until July 19, 2010. Doc. 1 at 3. Plaintiff states that he was provided with two sheets, one wool/synthetic blanket and a cotton-filled one-fourth-inch thick mattress. Doc. 1 at 3. Although the floor upon which he and other inmates slept was smelled of mildew and urine tracked from the communal bathroom, Plaintiff was not allowed to have any cleaning supplies. Doc. 1 at 3. According to Plaintiff, each day during intake, processing outgoing transfers and going to meals, people walked within inches of Plaintiff's mat, which compounded the unsanitary conditions around his sleeping area. Doc. 1 at 3.

## IV.   Plaintiff's Claims

### A.   Eighth Amendment Deliberate Indifference

"The Eighth Amendment's prohibition against cruel and unusual punishment protects

1  prisoners not only from inhumane methods of punishment but also from inhumane conditions of
2  confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials have
3  a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care,
4  and personal safety.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S.
5  517, 526-27 (1984); *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996); *Johnson v. Lewis*, 217 F.3d
6  726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982); *Wright v. Rushen*,
7  642 F.2d 1129, 1132-33 (9th Cir.1981); *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978).  "[W]hile
8  conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the
9  wanton and unnecessary infliction of pain.'"  *Morgensen*, 465 F.3d at 1045 (quoting *Rhodes v.
10  Chapman*, 452 U.S. 337, 347 (1981)).

11       Where a prisoner alleges an Eighth Amendment violation stemming from inhumane
12  conditions of confinement, prison officials may be held liable only if they acted with "deliberate
13  indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.
14  1998).  The deliberate indifference standard involves an objective and a subjective requirement.
15  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v.
16  Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the
17  prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."
18  *Farmer*, 511 U.S. at 837.

19       For the objective requirement, "[w]hat is necessary to show sufficient harm for purposes of
20  the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." *Hudson v.
21  McMillian*, 503 U.S. 1, 8 (1992).  "[E]xtreme deprivations are required to make out a[n] [Eighth
22  Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted).  With respect to this type
23  of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their
24  offenses against society, only those deprivations denying the minimal civilized measure of life's
25  necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.*
26  (quotations and citations omitted).  In determining whether a deprivation of a basic necessity is
27  sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must
28  consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the

1   shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

2         Courts have found that temporarily depriving prisoners of a mattress does not violate the

3   Eighth Amendment.  *See, e.g., Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (holding

4   that allegation that inmate slept without a mattress for one night is insufficient to state an Eighth

5   Amendment violation), *vacated on other grounds*, 493 U.S. 801 (1989); *see also O'Leary v. Iowa*

6   *State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (no Eighth Amendment violation where

7   inmate forced to sleep on cement slab for four (4) days).

8         Sleeping on a matt for twelve days fails to meet the required "objective" showing.  Although

9   it was unpleasant to smell urine and mildew that was tracked in from others who walked by and it

10  disrupted Plaintiff's sleep, Plaintiff does not contend that he was harmed by this.  The temporary

11  denial of a comfortable sleeping arrangement does not a violate the Eighth Amendment.  Moreover,

12  Plaintiff fails to demonstrate whether anyone was on notice that Plaintiff was troubled by these

13  conditions.

14

15        **B.  *Linkage Requirement***

16        The Civil Rights Act under which this action was filed provides:

17               Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the deprivation
18               of any rights, privileges, or immunities secured by the Constitution .
                 . . shall be liable to the party injured in an action at law, suit in equity,
19               or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell*

22  *v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

23  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

24  within the meaning of section 1983, if he does an affirmative act, participates in another's

25  affirmative acts or omits to perform an act which he is legally required to do that causes the

26  deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In

27  order to state a claim for relief under section 1983, Plaintiff must link each named defendant with

28  some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

4

In this instance, even if Plaintiff stated a claim, Plaintiff fails to link any action or omission to any individual.

## V.   Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed September 1, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

1      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2      action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    September 6, 2012

UNITED STATES MAGISTRATE JUDGE

6